**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

THOMAS A. SCOTT,
              Appellant,

      v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
AT-1221-17-0637-W-1

DATE: June 28, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

James Ouellette, Esquire, Martinez, Georgia, for the appellant.

Christopher M. Kenny, Fort Gordon, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    The appellant was a GS-11 Physical Security Specialist for the agency, stationed at Fort Gordon, Georgia. Initial Appeal File (IAF), Tab 1 at 2. On July 17, 2017, he filed the instant IRA appeal with the Board, alleging that he made 14 protected disclosures between 2012 and 2016 related to alleged breaches of security protocol and that the agency took numerous personnel actions against him in retaliation for these disclosures. *Id.* at 4-5. The administrative judge issued an order informing the appellant of the jurisdictional standard in an IRA appeal and directing him to file evidence and argument on the issue. IAF, Tab 3. The appellant responded by filing several pages of documentary evidence. IAF, Tab 5.

¶3    After the close of the record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction on the basis that the appellant failed to make a nonfrivolous allegation that he made a protected disclosure. IAF, Tab 8, Initial Decision (ID). The appellant has filed a petition for review in which he provides additional information related to his disclosures and submits for the first time several exhibits, some of which he claims to have submitted previously but which do not appear in the record below. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review, PFR File, Tab 3, and the appellant has filed a reply to the agency's response, PFR File, Tab 4.

## ANALYSIS

¶4    As relevant here, to establish jurisdiction over an IRA appeal, an appellant must exhaust his administrative remedies with the Office of Special Counsel (OSC) and make nonfrivolous allegations that he made a protected disclosure and that his disclosure was a contributing factor in the agency's decision to take, threaten to take, or fail to take a covered personnel action against him. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Rusin v.*

*Department of the Treasury*, 92 M.S.P.R. 298, ¶ 9 (2002).[2]  For the reasons explained in the initial decision, we agree with the administrative judge that the appellant failed to satisfy his jurisdictional burden below.  ID at 3-6.  We find that the initial decision was correct and that the administrative judge made no error in reaching his conclusion.

¶5          Furthermore, although the issue of jurisdiction is always before the Board, the Board generally will not consider evidence submitted for the first time on review absent a showing that it was previously unavailable despite the party's due diligence.  *See Washington v. Department of the Navy*, 77 M.S.P.R. 525, 528-29 (1998); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).  Nevertheless, under the unique circumstances of this case, we exercise our discretion to consider the appellant's newly filed evidence.  *See* 5 C.F.R. § 1201.115(e).  It appears to us that the appellant was genuinely confused and actually believed that he had submitted this evidence, labeled as Exhibits 1-23, on July 28, 2017, before the close of the record below.[3]  The appellant alleges on review that he uploaded these documents through the Board's e-Appeal Online system on that date and subsequently confirmed that they were posted in the repository.  PFR File, Tab 1 at 4.  Although we are unable to confirm the appellant's version of events through his e-Appeal Online activity, other evidence of record is consistent with his account.  Specifically, on July 31, 2017, the appellant filed exhibits labeled 24-32 and noted on the transmission sheet that these were in addition to Exhibits 1-23, which were previously filed. IAF, Tab 5.  Furthermore, the appellant's Exhibit 2 is an affidavit that was

---

[2] The Whistleblower Protection Enhancement Act (WPEA), which went into effect on December 27, 2012, does not affect the relevant holding in these cited authorities, nor does it affect the relevant holdings in the other authorities cited herein that were issued prior to the effective date of the WPEA.  *See* Pub. L. No. 112-199, 126 Stat. 1465 (2012).

[3] On review, the appellant submits only Exhibits 2, 4-8, and 14-15.  PFR File, Tab 1 at 24-50.

notarized on July 27, 2017, which supports his claim that he attempted to file it with the Board the following day. PFR File, Tab 1 at 33. We also note that, although the appellant has designated an attorney to represent him, IAF, Tab 1 at 10, the representation that he is actually receiving is limited. As the administrative judge noted, the appellant's attorney has made no submissions whatsoever in this appeal. ID at 2 n.1. Therefore, notwithstanding any legal advice that the appellant may be receiving from his attorney, he seems to be effectively acting pro se when it comes to actually filing his pleadings. Considering the appellant's effective pro se status, his genuine confusion, his apparent reasonable diligence, and the jurisdictional nature of the matter at issue, we find that, in this particular case, the interests of justice are best served by the Board considering, as appropriate, the documentation he has submitted for the first time on petition for review.[4]

¶6      Considering this documentation, we find that the appellant has established jurisdiction over his appeal. First, as the administrative judge correctly found, the appellant has exhausted his administrative remedies with OSC. ID at 2; IAF, Tab 1 at 11-16. Second, the appellant has made a nonfrivolous allegation that he made at least one protected disclosure. The appellant alleges that, on November 7, 2014, the Secretary of the Army directed Army installations to conduct National Crime Information Center background checks on all non-Department of Defense personnel before granting such individuals access to the installation. PFR File, Tab 1 at 34. He further alleges that on January 23, 2015, he informed various agency officials of an incident in which an agency

---

[4] The appellant also has submitted additional evidence and allegations of fact, for the first time on review, outside the Exhibits 1-23 that he attempted to submit below. PFR File, Tab 1 at 7-12, 60-96. Enforcing the Board's general rule that it will not consider evidence and argument raised for the first time on petition for review without a showing that it previously was unavailable despite the party's due diligence, we have not considered these allegations and documents in deciding whether the appellant made a nonfrivolous allegation of Board jurisdiction. *See Washington*, 77 M.S.P.R. at 528-29.

employee failed to conduct a background check as required, resulting in an individual with an active arrest warrant gaining access to Fort Gordon. PFR File, Tab 1 at 34-35, 47-48; IAF, Tab 5 at 9, 20. We find that the appellant has made a nonfrivolous allegation that he reasonably believed that this disclosure evidenced a violation of law, rule, or regulation, or a substantial and specific danger to public health and safety. *See Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 14 (2014). Third, we find that the appellant has made a nonfrivolous allegation that this disclosure was a contributing factor in a personnel action. One of the individuals to whom the appellant made his disclosure was the Director of Emergency Services. IAF, Tab 5 at 9. The appellant alleges that, on May 5, 2016, or shortly thereafter, the Director of Emergency Services ordered the appellant to begin performing the duties of another position in addition to his own. PFR File, Tab 1 at 27, 30. We find that the appellant has made a nonfrivolous allegation that this "cross-training," as he calls it, constituted a significant change in duties or responsibilities—a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii). We further find that the appellant has made a nonfrivolous allegation under the knowledge/timing test of 5 U.S.C. § 1221(e)(1) that his disclosure was a contributing factor in this personnel action. *See Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 87 (2001) (finding that the knowledge/timing test was satisfied when the personnel action was taken 18 months after the disclosure).

¶7      We make no findings on the other 13 disclosures at issue or the other alleged personnel actions that the appellant identifies in this appeal. In his petition for review, the appellant has clearly identified the precise date and content of each disclosure, as well as the individuals who were aware of the disclosures. PFR File, Tab 1 at 7-12. However, because the administrative judge is primarily responsible for ensuring the development of the record and otherwise governing the proceedings on remand, we find it appropriate for him to consider these matters in the first instance.

**ORDER**

¶8      For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.